**2015 IL 117934**


# IN THE

# SUPREME COURT

# OF

# THE STATE OF ILLINOIS

————————————

(Docket No. 117934)


THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. MARK A. DOWNS, Appellee.


*Opinion filed June 18, 2015.*


JUSTICE FREEMAN delivered the judgment of the court, with opinion.

Chief Justice Garman and Justices Thomas, Kilbride, Karmeier, Burke, and Theis concurred in the judgment and opinion.


## OPINION

¶ 1    Following a jury trial in the circuit court of Kane County, defendant Mark Downs was convicted of first degree murder and sentenced to 70 years' imprisonment. On appeal, the appellate court vacated defendant's conviction and sentence and remanded for a new trial. The appellate court concluded the circuit court erroneously defined "reasonable doubt" in response to a jury question during deliberations. 2014 IL App (2d) 121156, ¶¶ 31, 39. For the following reasons, we reverse the judgment of the appellate court and reinstate defendant's conviction and sentence.

¶ 2                                    BACKGROUND

¶ 3        In October 2007 defendant was charged with first degree murder. The matter
proceeded to a jury trial in April 2009.

¶ 4        After the presentation of all the evidence, and before the jurors began
deliberations, the circuit court instructed them as to the law. The term "reasonable
doubt" appears in three of these instructions. The first two involve the presumption
that the defendant is innocent:

        "The defendant is presumed to be innocent of the charges against him. This
        presumption remains with him throughout every stage of the trial and during
        your deliberations on the verdict. It is not overcome unless from all the
        evidence in this case you are convinced beyond a reasonable doubt that he is
        guilty."

        "The State has the burden of proving the guilt of the defendant beyond a
        reasonable doubt, and this burden remains on the State throughout the case. The
        defendant is not required to prove his innocence."

¶ 5        The third instruction sets forth the specific propositions that the State must
prove to sustain the charge of first degree murder. After presenting these
propositions, the instruction continues:

        "If you find from your consideration of all the evidence that each one of these
        propositions has been proved beyond a reasonable doubt, you should find the
        defendant guilty. If you find from your consideration of all the evidence that
        any one of these propositions has not been proved beyond a reasonable doubt,
        you should find the defendant not guilty."

¶ 6        Following the court's instructions to the jury and the parties' closing
arguments, the jury left the courtroom to begin deliberations. During those
deliberations, the jury sent a note to the court asking for a definition of "reasonable
doubt." The following colloquy occurred between the court and the parties:

        "THE COURT: All right. We're present in court, outside the presence of
        the jury, and Mr. Downs is present.

        And the jury has another question. I believe you will enjoy this: What is
        your definition of reasonable doubt, 80%, 70%, 60%?

                                        - 2 -

[DEFENSE COUNSEL]: Can I answer that?

THE COURT: Actually, don't they have it in the instructions, where they say the committee recommends no instruction on reasonable doubt?

[DEFENSE COUNSEL]: That's absolutely true. We can't give them a definition of reasonable doubt. We are one of the few states that can't.

[PROSECUTOR]: What if we only answer: It's yours to define.

THE COURT: We cannot give you a definition, it's yours to define.

[PROSECUTOR]: That is for you as a jury to define.

THE COURT: Okay. You may go back."

¶ 7        The circuit court's written reply stated: "We cannot give you a definition it is your duty to define." After further deliberation, the jury found defendant guilty of first degree murder.

¶ 8        Prior to sentencing, defendant filed three *pro se* posttrial motions alleging ineffective assistance of counsel. The court conducted a preliminary inquiry, and denied defendant's motions. Following further posttrial proceedings, the court sentenced defendant to 70 years' imprisonment, to run consecutive to unrelated convictions for attempted murder and aggravated battery with a firearm.

¶ 9        On appeal to the appellate court, defendant argued the circuit court's investigation of his *pro se* claims of ineffective assistance, pursuant to *People v. Krankel*, 102 Ill. 2d 181 (1984), was procedurally flawed. The appellate court reversed and remanded for a *Krankel* hearing. *People v. Downs*, 2012 IL App (2d) 100755-U, ¶¶ 51, 53.[1] Following that hearing, the circuit court denied defendant's claims of ineffective assistance of counsel.

¶ 10        Defendant again appealed, arguing that his *Krankel* counsel was ineffective on remand. Defendant also argued, for the first time, that the circuit court committed

---

[1]Under *Krankel*, when a defendant presents a *pro se* posttrial claim of ineffective assistance of counsel, the trial court examines the factual basis of the claim. If the court determines the claim lacks merit or pertains only to matters of trial strategy, the court need not appoint new counsel and may deny the *pro se* motion. However, if the allegations show possible neglect of the case, new counsel, other than the defendant's originally appointed counsel, should be appointed to represent the defendant at the posttrial hearing regarding his claim of ineffective assistance. *People v. Moore*, 207 Ill. 2d 68, 77-78 (2003).

plain error by erroneously defining reasonable doubt in response to the jury's question. 2014 IL App (2d) 121156, ¶ 1. Defendant acknowledged his failure to raise the issue of the jury's question earlier, but argued the appellate court could consider it under the plain error doctrine. *Id.* ¶ 19. The appellate court agreed and, as noted, held that defendant met his burden to establish plain error. *Id.* ¶¶ 30, 31, 39. The court vacated defendant's conviction and sentence, and remanded for a new trial. *Id.* ¶¶ 44-45. The appellate court declined to address defendant's ineffective assistance claim (*id.* ¶ 42), which is not before this court. We allowed the State's petition for leave to appeal. Ill. S. Ct. R. 315(a) (eff. May 1, 2013); Rs. 604(a)(2), 612(b) (eff. Feb. 6, 2013).

¶ 11                                                    ANALYSIS

¶ 12        We initially note that the claim of error here, which is based on the circuit court's response to the jury's "reasonable doubt" question, is subject to consideration under the plain error doctrine.

¶ 13        Generally, a defendant forfeits review of any supposed jury instruction error if he does not object to the instruction or offer an alternative at trial and does not raise the issue in a posttrial motion. *People v. Piatkowski*, 225 Ill. 2d 551, 564 (2007). This principle encourages a defendant to raise issues before the trial court, thereby allowing the court to correct its errors before the instructions are given, and consequently precluding a defendant from obtaining a reversal through inaction. *Id.*

¶ 14        However, Illinois Supreme Court Rule 451(c) (eff. Apr. 8, 2013) provides that "substantial defects" in criminal jury instructions "are not waived by failure to make timely objections thereto if the interests of justice require." Rule 451(c) crafts a limited exception to the general rule to correct "grave errors" and errors in cases " 'so factually close that fundamental fairness requires that the jury be properly instructed.' " *People v. Herron*, 215 Ill. 2d 167, 175 (2005). "Rule 451(c) is coextensive with the 'plain error' clause of Supreme Court Rule 615(a), and we construe these rules 'identically.' [Citation.]" *Id.* Rule 615(a) provides: "Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court." Ill. S. Ct. R. 615(a).

- 4 -

¶ 15    The plain error doctrine is a narrow and limited exception to the general rule of procedural default. *People v. Hillier*, 237 Ill. 2d 539, 545 (2010). To obtain relief under this rule, a defendant must first show that a clear or obvious error occurred. *Id.* (citing *Piatkowski*, 225 Ill. 2d at 565). In determining whether there was error here, our standard of review is *de novo*. *People v. Pierce*, 226 Ill. 2d 470, 475 (2007).

¶ 16    In the case at bar, the State argues there was no error. Instead, the State maintains it was the appellate court that erred in concluding the circuit court's response to the jury question improperly defined reasonable doubt. According to the State, the circuit court did not define reasonable doubt at all, much less erroneously. Rather, the court explicitly stated it could *not* define the term. The State adds that telling the jury "it is your duty to define" reasonable doubt did not define the term either.

¶ 17    In countering that there *was* error, defendant refers not only to the circuit court's response, "We cannot give you a definition[;] it is your duty to define," but also to the jury's question, "What is your definition of reasonable doubt, 80%, 70%, 60%?" Defendant argues that, given the specific percentages mentioned in the jury's question, the circuit court's response amounted to an instruction that implicitly granted permission to the jury to apply a reasonable doubt standard based on those percentages. Defendant agrees with the appellate court that the circuit court's response to the question asked by the jury created a "substantial likelihood" that the jury convicted defendant by a standard less than beyond a reasonable doubt.

¶ 18    The United States Constitution neither requires nor prohibits a definition of reasonable doubt. *Victor v. Nebraska*, 511 U.S. 1, 5 (1994). Any instruction defining reasonable doubt violates a defendant's due process rights only if there is a reasonable likelihood that the jurors understood the instruction to allow conviction upon proof less than beyond a reasonable doubt. *Id.* at 5-6.

¶ 19    Illinois is among the jurisdictions that do not define reasonable doubt. This court has long and consistently held that neither the trial court nor counsel should define reasonable doubt for the jury. *People v. Speight*, 153 Ill. 2d 365, 374 (1992); *People v. Cagle*, 41 Ill. 2d 528, 536 (1969); *People v. Malmenato*, 14 Ill. 2d 52, 61 (1958); *People v. Moses*, 288 Ill. 281, 285 (1919). The rationale behind this rule is that "reasonable doubt" is self-defining and needs no further definition. *Cagle*, 41

Ill. 2d at 536; *People v. Lee*, 368 Ill. 410, 413 (1938); see also *People v. Davis*, 406 Ill. 215, 220 (1950) ("[R]easonable doubt needs no definition and it is erroneous to give instructions resulting in an elaboration of it."); *People v. Barkas*, 255 Ill. 516, 527 (1912) ("The term 'reasonable doubt' has no other or different meaning in law than it has when used in any of the ordinary transactions or affairs of life. It is doubtful whether any better definition of the term can be found than the words themselves."). Indeed, this court stated in *Malmenato*: "Reasonable doubt is a term which needs no elaboration and we have so frequently discussed the futility of attempting to define it that we might expect the practice to be discontinued." *Malmenato*, 14 Ill. 2d at 61 (collecting cases).

¶ 20    Consistent with this case law is Illinois Pattern Jury Instructions, Criminal, No. 2.05 (4th ed. 2000) (hereinafter IPI Criminal 4th No. 2.05). Though it is titled, "Definition Of Reasonable Doubt," it provides no definition. Instead, it provides a Committee Note stating: "The Committee recommends that no instruction be given defining the term 'reasonable doubt.' " IPI Criminal 4th No. 2.05, Committee Note. This court's established precedent and the directive set forth in IPI Criminal 4th No. 2.05 support the conclusion that the circuit court's response to the jury, "We cannot give you a definition[;] it is your duty to define," taken by itself, did not violate the admonition against defining the term.

¶ 21    However, the appellate court below disagreed. In the portion of its opinion dealing with the circuit court's response to the jury, particularly the statement that "it is your *** duty to define," the court relied on two appellate court decisions holding that an instruction similar to the circuit court's statement here was erroneous. 2014 IL App (2d) 121156, ¶ 23.

¶ 22    In *People v. Turman*, 2011 IL App (1st) 091019, the jury asked for a " 'more explicit, expansive definition of reasonable doubt,' " and the circuit court responded: " '[R]easonable doubt is not defined under Illinois law. It is for the jury to collectively determine what reasonable doubt is.' " *Id.* ¶ 19. The appellate court held that this instruction constituted error. *Id.* ¶ 25. Similarly, in *People v. Franklin*, the circuit court informed prospective jurors during *voir dire* that " '[beyond a reasonable doubt is] what each of you individually and collectively, as 12 of you, believe is beyond a reasonable doubt.' " *People v. Franklin*, 2012 IL App (3d) 100618, ¶ 4. The appellate court majority in *Franklin* held that this instruction "was constitutionally deficient because, by telling jurors that it was for them to collectively determine what reasonable doubt meant, there is a reasonable

likelihood that the jurors understood the instruction to allow a conviction based on proof less than [beyond] a reasonable doubt." *Id.* ¶ 28.

¶ 23 However, in *People v. Thomas*, 2014 IL App (2d) 121203, the Second District retreated from its earlier reliance, in the case at bar, on *Turman* and *Franklin*. In *Thomas*, the jury sent out a note asking, " '[W]hat is the legal definition of reasonable doubt?' " *Id.* ¶ 14. The circuit court responded, "It is for you to determine." *Id.* On appeal, *Thomas* held that the circuit court's response to the jury question—indistinguishable from the response given in the case at bar—was "unquestionably correct" and that a "trial court's instruction that the meaning of 'reasonable doubt' is for jurors to determine is a correct statement of Illinois law." *Id.* ¶ 47. The court further held: "To the extent that *Turman* and *Franklin* held that simply instructing jurors that they must determine the meaning of 'reasonable doubt' is (1) a violation of the Illinois Supreme Court's proscription against providing a definition or (2) reversible error *per se*, we find them unpersuasive." *Id.* ¶ 48.

¶ 24 We believe that *Thomas* reached the correct conclusion on this point, and hold that here, the circuit court's response to the jury—"We cannot give you a definition [of reasonable doubt;] it is your duty to define [it]"—was unquestionably correct. There was no error in this response. In decisions dating back more than 100 years, this court has consistently held that the term "reasonable doubt" should not be defined for the jury, that the term, in fact, needs no definition because the words themselves sufficiently convey its meaning.

¶ 25 We now address defendant's contention regarding the jury's question—"What is your definition of reasonable doubt, 80%, 70%, 60%?" Focusing on the percentages mentioned therein, both defendant and the appellate court below insist that the question must be considered in determining whether the circuit court's response erroneously defined reasonable doubt.

¶ 26 The appellate court asserted the jury's question "proves that the jury was considering the concept of 'beyond a reasonable doubt' to be a level of confidence in the evidence somewhere between 60% and 80%." 2014 IL App (2d) 121156, ¶ 28. According to the court, the jury's question "suggests that the jury was predisposed to use a standard less than reasonable doubt, and the trial court, by telling the jury that the court would stay out of it and let the jury do whatever it wanted, only compounded the error." *Id*. Defendant advances a similar argument,

asserting that the circuit court's response to the jury's question, considered in the context of that question, created a reasonable likelihood that the jury convicted defendant on a standard less than beyond a reasonable doubt.

¶ 27    The State argues the emphasis here should be on the circuit court's response, not the jury's question. In the State's view, the appellate court made a significant misstep when it "shifted its focus to the jury's question and presumed to discern from it some insight into the jury's deliberative processes." The State notes that a jury verdict in a criminal case typically is inscrutable; the jury performs its function as fact-finder shrouded in secrecy, and it is impossible to say why or how the jury convicted or acquitted in any given case.[2] Similarly, where a jury question is at issue, as in the case at bar, courts should avoid attempting to divine anything about the jury's deliberative processes from that question. In the State's view, this refusal to delve into the meaning of the jury's question or decision-making process is consistent with Illinois Rule of Evidence 606(b), which excludes a juror's testimony or affidavit to show the "motive, method or process by which the jury reached its verdict." *People v. Holmes*, 69 Ill. 2d 507, 511 (1978).

¶ 28    Defendant disagrees and argues that this rule against juror impeachment of verdicts, which is intended to prevent posttrial attempts to undo properly returned and presumptively valid jury verdicts, does not apply here. Yet, even if defendant were correct that courts could properly view jury questions as a key to the jury's actual deliberations, the issue of the proper response to the jury's question would remain. And the proper response is an essential element of defendant's argument. Defendant asserts: "[T]his court cannot allow trial courts to simply stand by mutely in obedience to the prohibition against defining reasonable doubt when it is clear a jury is prepared to apply a 'disturbingly low' standard of proof."

¶ 29    We note that the appellate court below struggled in its attempt to address this issue. In a footnote, the court stated:

        "For what it might be worth, the jury's question put the trial court into a real bind; the only acceptable answer that we can think of would have been to tell the jury that reasonable doubt is not defined as a percentage, but rather is the highest standard of proof known in law, and that the jury had all of the instructions needed to answer its question. At oral argument, however, both

[2]Julie A. Seaman, *Black Boxes*, 58 Emory L.J. 427, 432 (2008).

defendant and the State expressed that to tell the jury that reasonable doubt is not defined as a percentage would have strayed into providing a definition of reasonable doubt and would have constituted error." 2014 IL App (2d) 121156, ¶ 28 n.1.

¶ 30 Thus, both defendant and the State have rejected as error what the appellate court described as the only acceptable answer it could think of to the jury's percentage-based question. This quandary underscores the inappropriateness of any court in this state attempting to define reasonable doubt, where we have clearly stated that the term should not be defined for the jury.

¶ 31 Ours is not the only jurisdiction to have addressed this issue:

"The underlying premise in all of our cases is that trying to explain things will confuse matters, and we cannot see why a jury request should change this premise. If there is a definition that can clarify the meaning of reasonable doubt, common sense suggests that such a definition be offered to *all* juries, even those that do not venture a request. But until we find a definition that so captures the meaning of 'reasonable doubt' that we would mandate its use in all criminal trials in this circuit, we cannot hold that it is error to refuse to give some definition." *United States v. Reives*, 15 F.3d 42, 46 (4th Cir. 1994).

¶ 32 In our view, it is better to refrain from defining "reasonable doubt," as the circuit court did here. As the State correctly notes, the fact that a deficient reasonable doubt instruction can result in reversal (*Sullivan v. Louisiana*, 508 U.S. 275 (1993)) counsels against a court attempting to define it. "An attempt to define reasonable doubt presents a risk without any real benefit." *United States v. Hall*, 854 F.2d 1036, 1039 (7th Cir. 1988). The circuit court's response to the jury's question in this case was correct, and the particular phrasing of that question does not alter this conclusion.

¶ 33 In sum, defendant has failed to show that a clear or obvious error occurred, and we therefore decline to apply the plain error doctrine to consider his "reasonable doubt" jury question claim. The procedural default of that claim therefore must be honored.

¶ 34 Finally, the appellate court, which remanded for a new trial, did not address defendant's claim of ineffective assistance of *Krankel* counsel because it considered that issue unlikely to recur. 2014 IL App (2d) 121156, ¶ 42. Therefore,

we remand the cause to the appellate court for consideration of defendant's remaining contention. See, *e.g.*, *People v. Givens*, 237 Ill. 2d 311, 339 (2010).

¶ 35                                    CONCLUSION

¶ 36        We reverse the judgment of the appellate court and reinstate defendant's conviction and sentence. The cause is remanded to the appellate court for further proceedings.


¶ 37        Appellate court judgment reversed.

¶ 38        Circuit court judgment affirmed.

¶ 39        Cause remanded.