2023 IL App (2d) 220098-U
No. 2-22-0098
Order filed May 25, 2023

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of McHenry County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 15-CF-278 |
| | ) | |
| MIGUEL GOMEZ, | ) | Honorable |
| | ) | Michael E. Coppedge, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BIRKETT delivered the judgment of the court.
Justices Hutchinson and Kennedy concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Rule 651(c) did not apply to postconviction petition that the trial court reinstated after it was withdrawn by the private attorney who originally filed it. The reinstatement order simply restored the petition to its status before the withdrawal: a petition originally filed by private counsel, to which Rule 651(c) did not apply.

¶ 2    Defendant, Miguel Gomez, appeals from an order of the circuit court of McHenry County granting the State's motion to dismiss his petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)) for relief from his convictions of two counts of criminal sexual assault (720 ILCS 5/11-1.20(a)(1) (West 2014)) and a single count of grooming (*id.* § 11-

25(a)). Defendant argues that his attorney did not comply with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). We affirm.

¶ 3                                    I. BACKGROUND

¶ 4     Defendant was convicted following a stipulated bench trial. The trial court imposed consecutive prison sentences of six years for each count of criminal sexual assault and one year for grooming. On direct appeal, we affirmed. *People v. Gomez*, 2019 IL App (2d) 160552-U. On February 14, 2020, private attorney Dennis Doherty filed a first stage postconviction petition on defendant's behalf. The court found that the petition stated the gist of a constitutional claim and docketed it for second stage proceedings. See 725 ILCS 5/122-2.1(b) (West 2020). The State moved to dismiss the petition. Before that time, Doherty lacked access to the trial court record. Doherty moved for and was granted access to the record. Doherty subsequently filed a motion for voluntary "dismissal" of the petition. The court granted the motion on February 26, 2021.[1] Less than 30 days later, on March 17, 2021, defendant filed, *pro se*, a "Post-Conviction Appellate Petition." Despite its title, the submission contained no formal claims or challenges to defendant's convictions. Rather, defendant (1) alleged that Doherty withdrew the postconviction petition without defendant's consent, (2) asked for an opportunity to prove his innocence by "put[ting] the victim on the stand to testify" and submitting to a lie detector test, and (3) asked for the appointment of counsel on appeal.

---

[1]We note that the Act provides that "[t]he court may in its discretion grant leave, at any stage of the proceeding prior to entry of judgment, to withdraw the petition." 725 ILCS 5/122-5 (West 2020). We treat the court's order as granting leave to withdraw, rather than dismiss, the petition.

¶ 5     On March 24, 2021, the trial court noted that defendant had "filed a letter *** which he captioned as a petition for appellate relief pertinent to the postconviction petition." The court ruled from the bench, stating:

> "[T]his letter or petition comes within 30 days, [and] also certainly comes within one year of the voluntary [withdrawal]. It is the Court's opinion that this should be treated as a motion to vacate the [withdrawal] and/or to reinstate the petition. The Court is granting that relief, appointing Special Public Defender Thomas Carroll to represent [defendant]."

¶ 6     That same date, the court entered a written order, which noted:

> "While the [(postconviction)] [p]etition was filed by counsel, it is in some regard analogous to a *pro se* filing. Counsel advanced claims that he preliminar[ily] thought were viable. He clearly intended to investigate the claims and to amend the petition once he had the opportunity to do so. On investigation, he found the claims without merit."

¶ 7     The written order further stated:

> "Defendant's 'Post-Conviction Appellate Petition' was filed within one year of the voluntary [withdrawal]. In fact it was filed within thirty days of the [withdrawal]. The court has the option of reinstating the Petition (see [section 13-217 of the Code of Civil Procedure (Code) (West 2020)]) or vacating the [order permitting the petition to be withdrawn] entered on February 26, 2021 (see [section 2-1203 of the Code (735 ILCS 5/2-1203 (West 2020)]). Which option is employed is of no consequence. The end result is that the Petition is re-instated.
>
> Based upon the preceding, the 'Post-Conviction Appellate Petition' is being treated as a motion to reinstate and it is granted. The Petition is re-instated."

The order concluded: "IT IS HEREBY ORDERED, for the preceding reasons, [that] the voluntary [withdrawal] order is vacated and the Petition is reinstated."

¶ 8       Thereafter, Carroll represented defendant.  Carroll did not file an amended petition, and the matter proceeded to a hearing on the State's motion to dismiss.  The trial court granted the motion, and this appeal followed.

¶ 9                                    II. ANALYSIS

¶ 10      Defendant argues that he received unreasonable assistance of postconviction counsel, as Carrol did not comply with Illinois Supreme Court Rule 651(c).

¶ 11      The Act permits a criminal defendant to file a petition challenging a conviction or sentence based on a substantial violation of constitutional rights.  *People v. Conway*, 2019 IL App (2d) 170196, ¶ 8.  "Although postconviction proceedings are considered civil in nature, they are *sui generis* and for that reason general civil practice rules and procedures apply only to the extent they do not conflict with the *** Act."  *People v. Bailey*, 2017 IL 121450, ¶ 29.

¶ 12      There is no constitutional right to counsel in proceedings under the Act.  *People v. Blake*, 2022 IL App (2d) 210154, ¶ 13.  However, the Act provides for the appointment of counsel in certain circumstances.  See 725 ILCS 5/122-4 (West 2020).  When a defendant retains counsel or counsel is appointed under the Act, the defendant is entitled to reasonable assistance from counsel.  *Blake*, 2022 IL App (2d) 210154, ¶ 13.  Furthermore, when the defendant is represented by counsel after initially filing a *pro se* postconviction, counsel must comply with Rule 651(c).  *People v. Smith*, 2022 IL 126940, ¶ 32.  Rule 651(c), which applies to appeals from judgments in postconviction proceedings, provides, in pertinent part:

> "The record filed in [the reviewing] court shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner by

phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

¶ 13 Defendant argues on appeal that the record does not show that Carroll fulfilled his duties under Rule 651(c). Defendant acknowledges that the rule does not apply when a postconviction petition is originally filed by retained counsel—here, Doherty. See *People v. Cotto*, 2016 IL 119006, ¶ 41 ("Rule 651(c) applies only to a postconviction petition initially filed by a *pro se* defendant ***"). However, defendant argues that, after Doherty voluntarily withdrew the petition, the trial court subsequently allowed defendant to "re-file the petition *pro se*" when it granted his "Post-Conviction Appellate Petition." Thus, according to defendant, when Carroll was appointed to represent him in the proceedings on the *pro se* petition (as defendant characterizes it), Carroll was subject to Rule 651(c) requirements.

¶ 14 The linchpin of defendant's argument is that the trial court treated his "Post-Conviction Appellate Petition" as a motion pursuant to section 13-217 of the Code (735 ILCS 5/13-217 (West 2020)), which provides, in pertinent part, that when an action is voluntarily dismissed "the plaintiff *** may commence a new action within one year or within the remaining period of limitation, whichever is greater, after *** the action is dismissed." Defendant posits that, "[i]f the [trial court] allowed [defendant] to re-file his petition, then the postconviction proceedings began anew with [defendant] having filed the petition *pro se*."

¶ 15 In support of his argument—that the trial court granted the "Post-Conviction Appellate Petition" pursuant to section 13-217—defendant notes that the court's order states that "[t]he court has the option of reinstating the Petition (see [section 13-217]) or vacating the [order permitting

the petition to be withdrawn] (see [section 2-1203]).” The court added, “the ‘Post-Conviction Appellate Petition’ is being treated as a motion to reinstate and it is granted.” According to defendant, the trial court equated a motion to reinstate with a motion pursuant to section 13-217. Thus, by treating defendant’s “Post-Conviction Appellate Petition” as a “motion to reinstate,” the court treated it as a motion pursuant to section 13-217.

¶ 16    The State responds that the trial court afforded relief under section 2-1203(a) of the Code, which provides, in pertinent part, “In all cases tried without a jury, any party may, within 30 days after the entry of the judgment *** file a motion *** to vacate the judgment.” 735 ILCS 5/2-1203(a) (West 2020). The State notes, *inter alia*, that the trial court’s order concludes with the following language: “IT IS HEREBY ORDERED *** [the order permitting the petition’s withdrawal] is *vacated* and the Petition is reinstated.” (Emphasis added.) The State contends that *vacatur* is available under section 2-1203, not section 13-217. According to the State, because the order permitting withdrawal of the petition filed by Doherty was vacated, there was no new petition filed *pro se*.

¶ 17    Although the parties focus on whether the trial court intended to afford relief under section 2-1203 or section 13-217, it is clear that the relief granted was not permissible under the latter provision. In *Eighner v. Tiernan*, 2021 IL 126101, the plaintiff moved to voluntarily dismiss a personal injury and property damage lawsuit. The trial court granted the motion and entered an order granting the plaintiff “ ‘leave to reinstate’ ” within one year. *Id.* ¶ 4. On April 23, 2018, near the end of the one year, the plaintiff filed a “ ‘Notice of Refiling Complaint Being Reinstated within One Year of Voluntary Dismissal’ ” (Notice of Refiling), which included a copy of the plaintiff’s original complaint. *Id.* ¶ 5. That copy of the original complaint was apparently never docketed. On October 15, 2018, after the one year expired, the plaintiff filed a new complaint

substantively identical to the original complaint. The defendant moved to dismiss the new complaint as untimely. The defendant also argued that the plaintiff's earlier attempt to "[r]einstate[ ]" the complaint was ineffectual. *Id.* ¶¶ 10-11. The trial court denied the motion but certified the following question to the appellate court:

> " 'Whether refiling a complaint in a previously dismissed lawsuit as opposed to filing a new action satisfies the language of [section 13-217], which states a plaintiff may commence a new action after the case is voluntarily dismissed pursuant to [section 2-1009 of the Code (735 ILCS 5/2-1009(a) (West 2014)].' " *Id.* ¶ 13.

The appellate court answered, " 'no.' " *Id.* ¶ 14.

¶ 18     Our supreme court observed that section 13-217 provides that a plaintiff who voluntarily dismisses an action " 'may commence a new action' " within one year of the dismissal. *Id.* ¶ 21 (quoting 735 ILCS 5/13-217 (West 1994)). The court held:

> "The phrase denotes a new case number, a new filing fee, and a new summons to issue. *Indeed, were we to conclude otherwise and hold that a complaint with no changes whatsoever*—no new case number, no new fee, no new summons—is in fact a 'new action,' we would render the word 'new' meaningless." (Emphasis added.) *Id.*[2]

Thus, the Notice of Refiling did not constitute a "new action," and the October 2018 filing was untimely. *Id.* ¶ 28.

---

[2]Nonetheless, because the *Eighner* court felt that it would be unreasonable to penalize the defendant for complying with the circuit court's order, the court exercised its supervisory authority to treat the Notice of Refiling as "a motion to vacate the order of voluntary dismissal and reinstate [the original case] that was granted by the circuit court." *Id.* ¶ 32.

¶ 19    Under *Eighner*, it is clear that defendant's "Post-Conviction Appellate Petition"—which in no way purported to refile the withdrawn petition, let alone "commence a new action"—did not entitle defendant to relief under section 13-217.

¶ 20    However, defendant argues that because the trial court used the term "reinstate" regarding a statute that permits refiling, the court must have meant to allow defendant to refile the petition. We disagree.  Although the court might have been mistaken about the type of relief authorized under section 13-217 (commencing a new action as opposed to reinstating an old one), we see no basis for concluding that the court was confused about the meaning of "reinstate"—"[t]o place again in a former state or position; to restore" (Black's Law Dictionary 11th ed. 2019).  Accord *People v. Coe*, 2018 IL App (4th) 170359, ¶ 54 ("asking the trial court to reinstate a petition that the court dismissed for want of prosecution is the same as asking the court to vacate the dismissal for want of prosecution").

¶ 21    Moreover, although defendant would have us interpret the trial court's order as allowing him to refile his petition, he never actually did so.  There was no new petition.  Nor was there a copy of the old petition bearing a new file stamp with a new fling date, or a new notice of filing.

¶ 22    In sum, defendant's petition was reinstated pursuant to section 2-1203.  Defendant never commenced a new action—*i.e.*, a new, *pro se*, postconviction proceeding—that would trigger Rule 651(c).  The trial court's order purported to do no more than reinstate the withdrawn petition, which had been prepared by defendant's privately retained postconviction counsel.  We can conceive of no sound reason to treat the court's order as defendant commencing a new action.[3]

_____

[3]Even if that were the trial court's intent, we are not bound by it.  As a reviewing court, we have the authority to "make any order that ought to have been given or made."  Ill. S. Ct. R.

Accordingly, we agree with the State that Rule 651(c) does not apply, and we need not consider whether the record shows that Carroll complied with that rule. As defendant does not otherwise assert that postconviction counsel's assistance was unreasonable, we reject defendant's unreasonable assistance claim.

¶ 23                                    III. CONCLUSION

¶ 24     For the reasons stated, we affirm the judgment of the circuit court of McHenry County.

¶ 25     Affirmed.

---

366(a)(5) (eff. Feb 1, 1994). See, *e.g.*, *People v. Downs*, 2014 IL App (2d) 121156, ¶ 32 ("we are empowered, under [Rule 366(a)(5)], to make any ruling that the case requires"), *rev'd on other grounds*, 2015 IL 117934); *People v. Molidor*, 2012 IL App (2d) 110006, ¶¶18-19 (relying on Rule 366(a)(5) to vacate fines improperly entered by the circuit court clerk and reimpose the fines subject to proper credits); *People v. Reynolds*, 284 Ill. App. 3d 611, 617 (1996) (on appeal from denial of postconviction petition, court relied on Rule 366(a)(5) to order the trial court to subpoena a witness to testify at hearing on remand and to reassign the case to a new judge in the trial court).