NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (4th) 220814-U

NO. 4-22-0814

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 5, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | McLean County |
| RICKEY ALAN JEFFERSON, | ) | No. 21CF1213 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | William G. Workman, |
| | ) | Judge Presiding. |

JUSTICE LANNERD delivered the judgment of the court.
Justices Cavanagh and Doherty concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court affirmed where (1) the trial court did not commit a clear or obvious error for purposes of second-prong plain-error review in finding a sufficient factual basis for defendant's guilty plea and (2) defendant's counsel strictly complied with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017).

¶ 2    Following a July 2022 plea hearing, defendant, Rickey Alan Jefferson, was convicted of one count of obstructing justice (720 ILCS 5/31-4(a)(1) (West 2020)), a Class 4 felony. Defendant was sentenced to 14 days in jail and 30 months' probation. Defendant appeals from the denial of his motion to withdraw his guilty plea, arguing (1) the State's factual basis was insufficient to support his guilty plea and (2) his counsel did not strictly comply with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). We affirm.

¶ 3    I. BACKGROUND

¶ 4		On November 16, 2021, a Normal, Illinois, police officer received a report from a witness who observed a vehicle with its headlights off swerving between lanes of traffic before parking in a driveway. When the officer arrived at the scene, he observed defendant in the driver's seat, multiple empty beer cans in the car, and an open container of alcohol in the front seat. Defendant refused to perform a field sobriety test. The officer obtained a search warrant to obtain a sample of defendant's breath, blood, and urine. Defendant did not comply. Defendant was charged with three counts of obstructing justice (720 ILCS 5/31-4(a)(1) (West 2020)), one count each for refusing to provide a sample of his breath, blood, and urine. Defendant was also charged with one count of criminal damage to government supported property (720 ILCS 5/21-1.01(a)(1) (West 2020)) for damaging a pair of handcuffs.

¶ 5		On July 25, 2022, defendant pleaded guilty to one count of obstructing justice—the count relating to his refusal to provide a breath sample. The other counts were dismissed on the State's motion. In pertinent part, the colloquy between the trial court and defendant proceeded as follows:

> "THE COURT: Now, the document I just read off of entitled, plea agreement, as well as a second document where you are pleading guilty and waiving your right to a jury trial, they both appear to have your signature on those documents. Did you, in fact, sign those two documents?
>
> THE DEFENDANT: Yeah.
>
> * * *
>
> THE COURT: Did you feel that you understood them?
>
> THE DEFENDANT: Yeah.
>
> THE COURT: And when you signed them, did you sign them of

- 2 -

your own free will?

THE DEFENDANT: Yeah.

THE COURT: All right. That says that you're pleading guilty in the felony matter to Count I. ***

* * *

Any questions about the charges or the possible penalties that could have been imposed on these cases?

THE DEFENDANT: (Defendant shakes head.)

THE COURT: Out loud, please.

THE DEFENDANT: No.

* * *

THE COURT: Has anybody forced you or threatened you to get you to come in here and plead guilty?

* * *

THE DEFENDANT: No.

* * *

THE COURT: *** [A]s a result of a conviction, any future conviction could have an increased penalty and there could be a higher possibility of a consecutive sentence. As a result of a conviction there could be a registration requirement that restricts where you may work, live, or be present. As a result of a conviction there could be an impact upon your ability to retain or obtain housing in the public or private market, to retain

or obtain employment, or to retain or obtain a firearm, an occupational license, or a driver's license. Any questions about any of those?

THE DEFENDANT: No.

THE COURT: As to the offense of obstructing justice how do you plead, guilty or not guilty?

THE DEFENDANT: Guilty."

¶ 6 The State then provided the factual basis for the plea:

"The report of a red Chevy was driving unsafely on the roadway, going in and out of its lane. The license plate was provided to police. Officers responded to the location, found the vehicle, and the defendant in the driver's seat. An open container of alcohol was observed. Officers attempted to do a field sobriety test. The defendant refused and was arrested at the time. Officers applied for and received a search warrant for defendant's breath, and attempted to get him to provide a breath sample. He refused to comply with the search warrant."

¶ 7 The trial court found there was a factual basis for the guilty plea. The court further found defendant was "making a knowing and voluntary plea." The court sentenced defendant to 14 days in the McLean County jail with credit for 2 days served and 30 months' probation.

¶ 8 On August 1, 2022, defendant filed a motion to withdraw his guilty plea, asserting he "did not understand the consequences of his plea." On September 8, 2022, defendant's counsel filed a certificate pursuant to Rule 604(d) in connection with the motion. At a hearing on defendant's motion held the same day, defendant's counsel stated:

"Briefly, [defendant] has indicated to me he did not fully understand the consequences of his plea of guilty, he had never had a felony case before, did not realize the impact that it was going to have on his ability to obtain employment or *** the full range of consequences that came along with a plea of guilty to this case. He is asking the court to allow him to withdraw his guilty plea as he's indicating he did not fully understand. We would assert he did not give a knowing and voluntary waiver. That is all."

¶ 9 After hearing the State's response, the trial court stated:

"The court did in fact go over *** defendant's admonishments with him, asked him at several occasions if he understood the rights that he was giving up, also going over with *** defendant *** all the collateral issues that could have occurred upon a plea of guilty and *** defendant indicated that he understood those and also indicated that he was knowingly and freely and voluntarily pleading to the charges. Defendant's motion to withdraw guilty plea is going to be denied."

¶ 10 This appeal followed.

¶ 11 II. ANALYSIS

¶ 12 On appeal, defendant argues his guilty plea must be vacated and this case must be remanded to the trial court where (1) the State's factual basis was insufficient to support his guilty plea and (2) his counsel did not strictly comply with Rule 604(d).

¶ 13 A. Factual Basis for Defendant's Plea

¶ 14 Defendant argues he was deprived of due process when the State provided an insufficient factual basis for his guilty plea. Specifically, defendant contends the obstructing justice

charge was not supported by the State's factual basis because his refusal to provide a breath sample did not constitute concealment of physical evidence under the obstructing justice statute.

¶ 15        Illinois Supreme Court Rule 402(c) (eff. July 1, 2012) provides: "The court shall not enter final judgment on a plea of guilty without first determining that there is a factual basis for the plea." A trial court satisfies the Rule 402(c) requirement "*if there is a basis anywhere in the record* from which the court could reasonably reach the conclusion that the defendant actually committed the acts with the intent required to constitute the offense to which the defendant is pleading guilty." (Emphasis in original and internal quotation marks omitted.) *In re C.K.G.*, 292 Ill. App. 3d 370, 376, 685 N.E.2d 1032, 1036 (1997).

¶ 16        Defendant concedes he did not preserve this issue for review. However, defendant urges our review under the plain-error doctrine. "[T]o preserve a claim of error for review, counsel must object to the error at trial and raise the error in a motion for a new trial before the trial court. [Citation.]" *People v. McLaurin*, 235 Ill. 2d 478, 485, 922 N.E.2d 344, 349 (2009). Failure to do so results in forfeiture of appellate review of such claims. *McLaurin*, 235 Ill. 2d at 485. Nevertheless, "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court." Ill. S. Ct. R. 615(a) (eff. Jan. 1, 1967). Under the "second prong" of the plain-error doctrine, a reviewing court may "remedy a 'clear or obvious error' *** regardless of the defendant's forfeiture *** where the error is so serious that the defendant was denied a substantial right, and thus a fair trial." *McLaurin*, 235 Ill. 2d at 489.

¶ 17        Here, defendant contends we should review the issue for second-prong plain error, as pleading guilty to an offense without a sufficient factual basis constitutes a substantial denial of his right to due process. "The initial step in conducting plain-error analysis is to determine whether error occurred at all." *People v. Walker*, 232 Ill. 2d 113, 124, 902 N.E.2d 691, 697 (2009). As such,

we consider whether failing to provide a breath sample pursuant to a search warrant can constitute concealment of physical evidence under the obstructing justice statute. We do so in light of our decision in *People v. Hutt*, 2022 IL App (4th) 190142, 193 N.E.3d 879, and the supreme court's recent reversal of that decision in *People v. Hutt*, 2023 IL 128170.

¶ 18    In *Hutt*, the defendant was charged with obstructing justice in connection with driving under the influence. *Hutt*, 2022 IL App (4th) 190142, ¶ 1. The defendant refused to provide a breath sample. *Hutt*, 2022 IL App (4th) 190142, ¶ 21. A judge granted a search warrant requiring the defendant to provide both blood and urine samples. *Hutt*, 2022 IL App (4th) 190142, ¶ 21. The defendant did not comply. *Hutt*, 2022 IL App (4th) 190142, ¶ 22. After a bench trial, the trial court found the defendant guilty of obstructing justice. *Hutt*, 2022 IL App (4th) 190142, ¶ 29. On appeal, the defendant argued the evidence was insufficient for his conviction because he did not take affirmative action to conceal or destroy evidence. *Hutt*, 2022 IL App (4th) 190142, ¶ 48. This court upheld the defendant's conviction. First, we concluded blood and urine were physical evidence. *Hutt*, 2022 IL App (4th) 190142, ¶ 61. Next, the majority concluded the defendant's actions did not constitute concealment defined as "plac[ing] out of sight" by *People v. Comage*, 241 Ill. 2d 139, 144, 946 N.E.2d 313, 316 (2011). (Internal quotation marks omitted.) *Hutt*, 2022 IL App (4th) 190142, ¶ 62. However, the majority concluded the defendant's actions constituted concealment defined as "prevent[ing] disclosure" by *Comage*. (Internal quotation marks omitted.) *Hutt*, 2022 IL App (4th) 190142, ¶ 62. Partially dissenting, Justice Cavanagh agreed blood constituted physical evidence but concluded the defendant did not conceal it under either definition. *Hutt*, 2022 IL App (4th) 190142, ¶¶ 80-85.

¶ 19    Before the Illinois Supreme Court, "[d]efendant's primary argument concern[ed] whether his undisputed actions of not providing a blood or urine sample constituted concealment

under the obstructing justice statute." *Hutt*, 2023 IL 128170, ¶ 41. Ultimately, the court agreed that the "preventing disclosure" definition of concealment "does not pertain to physical evidence." *Hutt*, 2023 IL 128170, ¶ 49. The court also found the "place out of sight" definition of concealment inapplicable "under the facts of this case." *Hutt*, 2023 IL 128170, ¶ 49. The court reasoned, "while defendant took no action to affirmatively comply with the search warrant, he also took no action to place his blood or urine out of sight or hide either from view. Rather, defendant remained seated in the hospital laboratory with the police officers." *Hutt*, 2023 IL 128170, ¶ 49. Having concluded the defendant's actions "did not amount to concealment within the meaning of the obstructing justice statute," the court reversed the defendant's conviction. *Hutt*, 2023 IL 128170, ¶ 50.

¶ 20          Under this court's initial decision in *Hutt*, which was binding on the trial court at the time of defendant's guilty plea, there existed a factual basis in the record from which the court could reasonably conclude defendant committed the offense of obstructing justice by refusing to provide, and thus "concealing," physical evidence by preventing disclosure of a breath sample. See *C.K.G.*, 292 Ill. App. 3d at 376. As the trial court satisfied Rule 402(c) in accepting defendant's guilty plea, he was not deprived of due process.

¶ 21          However, we acknowledge after the Illinois Supreme Court's decision in *Hutt*, defendant's refusal to provide a breath sample would not have constituted concealment of physical evidence under the obstructing justice statute. While defendant took no action to affirmatively comply with the search warrant, he also took no action to place his breath out of sight or hide it from view. Further, the "preventing disclosure" definition of concealment was deemed inapplicable to physical evidence. *Hutt*, 2023 IL 128170, ¶ 49.

¶ 22          It is well settled that plain-error review is limited to "errors that are clear or obvious based on law that 'is well settled at the time of trial; if the law was unclear at the time of the trial,

but becomes clear (*i.e.*, settled) during the appeal, then the error is not "plain" for purposes of the plain-error doctrine.' " *People v. Williams*, 2015 IL App (2d) 130585, ¶ 11, 33 N.E.3d 608 (quoting *People v. Downs*, 2014 IL App (2d) 121156, ¶ 20, 11 N.E.3d 869, *rev'd on other grounds*, 2015 IL 117934, 69 N.E.3d 784); see *In re M.W.*, 232 Ill. 2d 408, 431, 905 N.E.2d 757, 773 (2009) ("[T]he term 'plain' as used in the plain-error rule is synonymous with 'clear' or 'obvious'; error is not plain if the law was 'unclear at the time of trial but becomes clear on appeal because the applicable law has been clarified[.]' ")(citing *People v. Piatkowski*, 225 Ill. 2d 551, 565 n.2, 870 N.E.2d 403, 410 n.2 (2007), citing *United States v. Olano*, 507 U.S. 725, 734 (1993)). Here, it was only during the course of the instant appeal that the law pertaining to the concealment of physical evidence, particularly from one's body, was settled by the Illinois Supreme Court. Thus, the trial court's determination there was an adequate factual basis would be, at most, an error, but not a clear or obvious one for second-prong plain-error review purposes. Indeed, "[i]t would make no sense to hold that the court plainly erred by failing to follow [a particular decision] *** before that decision was issued." *People v. Hammons*, 2018 IL App (4th) 160385, ¶ 31, 138 N.E.3d 31.

¶ 23                              B. Compliance With Rule 604(d)

¶ 24        Defendant contends his counsel's motion to withdraw the guilty plea was inadequate under Rule 604(d). Specifically, defendant contends counsel "did not set forth the specific errors that [he] believed the [trial] court committed, explain what specific consequences adversely impacted [defendant], or allege, as is required, that [defendant] would not have pled guilty and would have proceeded to a trial had he been fully and correctly admonished." In response, the State contends defendant knowingly and voluntarily pleaded guilty and "the Rule 604(d) certificate is both facially compliant and the averments within are supported by the record."

¶ 25        "The question of whether defense counsel complied with Rule 604(d) is subject to *de novo* review." *People v. Grice*, 371 Ill. App. 3d 813, 815, 867 N.E.2d 1143, 1145 (2007). Rule 604(d) provides, in pertinent part, the following:

> "The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 26        Here, postplea counsel's Rule 604(d) certificate stated:

> "1. I have consulted with the defendant in person, by mail, by phone or by electronic means to ascertain defendant's contentions of error in the entry of the plea of guilty and in the sentence;
>
> 2. I have examined the trial court file and the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing; and
>
> 3. I have made any amendments to the motion necessary for adequate presentation of any defects in those proceedings."

¶ 27        This certificate facially satisfies the requirements of Rule 604(d). Nevertheless, "we may consult the record to determine whether [counsel] actually fulfilled [his] obligations under Rule 604(d)." *People v. Bridges*, 2017 IL App (2d) 150718, ¶ 8, 87 N.E.3d 441. Defendant alleged

he did not understand "the consequences of his plea." Further, defendant's counsel did not amend the motion to reflect the *specific* consequences defendant allegedly did not understand. However, the general term "consequences" encompasses any and all of the specific consequences of defendant's plea, including those the trial court admonished defendant about, those the record reflects he understood, and those his counsel identified during the hearing on the motion. Thus, amending the motion as defendant proposes was not "necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2017). Accordingly, we find defendant's counsel strictly complied with Rule 604(d).

¶ 28 Finally, defendant contends counsel's failure to amend the motion to withdraw his guilty plea to address the insufficiency of the State's factual basis constitutes lack of compliance with Rule 604(d). In support of this argument, defendant cites *People v. Shirley*, 181 Ill. 2d 359, 692 N.E.2d 1189 (1998). In *Shirley*, the Illinois Supreme Court stated, "Requiring *** defendant's counsel to file the requisite certificate enables the trial court to insure that counsel has reviewed *** defendant's claim and considered all relevant bases for the motion to withdraw the guilty plea." *Shirley*, 181 Ill. 2d at 361.

¶ 29 Compliance with Rule 604(d) requires counsel to consider bases relevant to the particular ground on which a defendant seeks to withdraw his guilty plea and to amend the motion with those bases deemed "necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2017). Compliance with Rule 604(d) does not require the advancement of any particular ground for withdrawal of a guilty plea. While defendant now argues the State's factual basis was insufficient for his plea, his counsel's failure to raise this or any other ground for withdrawal of his plea in an amended motion did not violate Rule 604(d).

¶ 30                                        III. CONCLUSION

¶ 31        For the reasons stated, we affirm the trial court's judgment.

¶ 32        Affirmed.