2025 IL App (1st) 231317
No. 1-23-1317
Opinion filed June 13, 2025

Sixth Division

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. SE 00858353 |
| | ) | |
| ARMANI MORALES | ) | The Honorable |
| | ) | Elizabeth Ciaccia-Lezza, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

**OPINION**

JUSTICE HYMAN delivered the judgment of the court, with opinion.
Presiding Justice Tailor and Justice Gamrath concurred in the judgment and opinion.

¶ 1 Waiver of the right to a jury trial represents a deliberate choice to relinquish a fundamental protection afforded to criminal defendants. Judges, defense attorneys, and prosecutors must remain vigilant in ensuring that waivers comply with the United States and Illinois Constitutions as well as state law. This case illustrates what happens when that vigilance falters.

¶ 2 After a bench trial, Armani Morales was found guilty of driving under the influence. On appeal, he raises three issues: (i) reasonable doubt, (ii) ineffective assistance of counsel, and (iii) lack of a voluntary, intelligent, and knowing jury waiver.

¶ 3    Regarding the third issue, the jury waiver, a reviewing court evaluates the facts and circumstances of each case. The record before us does not contain any discussion about the right to a jury trial, a written jury waiver, or an indication that Morales engaged in a meaningful waiver of his right to a jury. As a result, we reverse and remand for a new trial without reaching the other issues.

¶ 4                                Background

¶ 5    We will not detail the trial evidence as the jury waiver issue resolves the appeal. The record pertaining to the jury waiver issue is minimal.

¶ 6    About a month before the trial, Morales's assistant public defender answered, "We are ready to set this matter for bench trial if the State would like to do that." The pretrial judge then set a trial date for a bench trial "in person, by agreement."

¶ 7    When the bench trial began before a different judge, the parties dispensed with opening statements, and the State called the police officer who arrested Morales. At no point was the topic of a jury trial waiver addressed.

¶ 8    Morales was convicted of driving under the influence of alcohol, speeding, and improper lane usage. He was sentenced to 12 months of supervision by agreement.

¶ 9                                Analysis

¶ 10   Morales contends that there was no showing that he knowingly and understandably waived his right to a jury trial, despite his presence in court. The State argues that Morales knowingly waived his right to a jury trial by standing silent while his attorney told the judge "ready" for a bench trial. "Because the facts of this case are not in dispute, the question is a legal one and our review is *de novo*." *People v. Bracey*, 213 Ill. 2d 265, 270 (2004).

¶ 11    The right to a jury trial in criminal prosecutions is a fundamental right guaranteed by the United States and the Illinois Constitutions. U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, §§ 8, 13; see *Duncan v. Louisiana*, 391 U.S. 145, 155-56 (1968). And by statute in Illinois, a criminal defendant's waiver of his right to a jury trial must be made knowingly and voluntarily in open court to be valid. See 725 ILCS 5/103-6 (West 2020) (waivers in open court); 725 ILCS 5/115-1 (West 2020) (written jury waivers). Any doubt regarding the waiver's validity "must be resolved in favor of the accused." *People v. Rambo*, 123 Ill. App. 2d 299, 305 (1970) (trial court responsible for assuring defendant's jury waiver is understanding and expressly made).

¶ 12                                    *Plain Error*

¶ 13    The State argues that Morales forfeited this issue because he did not raise an objection during trial or in his posttrial motion. See *People v. Hutt*, 2023 IL 128170, ¶ 27 (issue forfeited unless raised in posttrial motion); *People v. Bannister*, 232 Ill. 2d 52, 65 (2008) (to preserve issue for review and avoid forfeiture, defendant must contemporaneously object at trial and raise issue in written posttrial motion). But violations of the right to a jury trial can still be considered under the plain error doctrine. *Hutt*, 2023 IL 128170, ¶ 28; *People v. Buschauer*, 2025 IL App (1st) 232365, ¶ 40.

¶ 14    Plain error occurs when the evidence is "so closely balanced that the error alone severely threatened to tip the scales of justice against [the defendant]" or when "the error was so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process." *People v. Herron*, 215 Ill. 2d 167, 187 (2005); Ill. S. Ct. R. 615(a) (eff. Jan. 1, 1967). This applies "regardless of the closeness of the evidence." *People v. Belknap*, 2014 IL 117094, ¶ 48.

¶ 15 The initial step in the plain error analysis requires determining if there was an error. Here, that means whether a defendant's fundamental right to a jury trial has been violated. *Bannister*, 232 Ill. 2d at 65.

¶ 16 Despite a defendant's failure to object in a posttrial motion, the Illinois Supreme Court has held that the waiver must be knowing and voluntary, "given its importance and the frequency with which it arises." *People v. Smith*, 106 Ill. 2d 327, 333 (1985). Therefore, we will examine the issue under the second prong of plain error. See *People v. West*, 2017 IL App (1st) 143632, ¶ 11 (granting plain error review of validity of jury waiver). When an error occurs under the second prong, the court presumes prejudice regardless of the strength of the evidence against the defendant. *Herron*, 215 Ill. 2d at 187.

¶ 17                                    *Jury Waiver*

¶ 18 Illinois does not have a mandated procedure for accepting a defendant's waiver of a jury trial. "[N]o set admonition or advice is required [from a trial court] before an effective waiver of that right may be made." *People v. Tooles*, 177 Ill. 2d 462, 469-70 (1997); *Smith*, 106 Ill. 2d at 334 (jury trial waiver's validity "depends, of course, on the existence of an adequate memorial of the event, *if it occurred at all*" (emphasis added) (citing *People v. Chitwood*, 67 Ill. 2d 443 (1977)); *People v. Frey*, 103 Ill. 2d 327, 333 (1984) (no precise formula to determine knowing and understanding waiver; record showed "defendant was aware of his right to a jury trial and was present at some point prior to trial when the jury waiver was discussed"); *People v. Purnell*, 126 Ill. App. 3d 608, 621 (1984) ("no specific formula" required to determine whether waiver validly made).

¶ 19    Instead, Illinois courts focus on the trial record to determine a defendant's understanding regarding waiver of the right to trial by jury. See, *e.g.*, *Hutt*, 2023 IL 128170, ¶ 30 (knowing and understanding waiver depends on particular facts and circumstances); *People v. Hatcher*, 2024 IL App (1st) 220455, ¶ 42 (validity of waiver depends on facts and circumstances); *People v. Ruiz*, 367 Ill. App. 3d 236, 238 (2006) ("A reviewing court's determination of the validity of a jury waiver is not subject to a precise formula, but instead depends upon the particular facts and circumstances of each case."); *People v. Taylor*, 101 Ill. 2d 508, 520 (1984) (determination of understanding waiver "necessarily depends" on facts and circumstances).

¶ 20     Nonetheless, the court proceedings must adhere to some baseline rules. The trial court must ensure the defendant's waiver was made "expressly and understandingly." *Smith*, 106 Ill. 2d at 334. Furthermore, a valid waiver of trial by jury cannot be presumed from a silent record. *Boykin v. Alabama*, 395 U.S. 238, 243 (1969).

¶ 21    In addition to the constitutional guarantees, *Smith* cited the statutory requirement: "section 103-6 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 103-6) provides: 'Waiver of Jury Trial. Every person accused of an offense shall have the right to a trial by jury unless understandingly waived by defendant in open court.' " *Smith*, 106 Ill. 2d at 334. Then *Smith* noted: "To the same end, our decisions have *imposed on the circuit courts the duty of ensuring* that a defendant's waiver of his right to a jury trial be made expressly and understandingly." (Emphasis added.) *Id.*

¶ 22    Twelve years after *Smith*, our supreme court again took up the issue of the failure to secure a criminal defendant's written jury waiver. *Tooles*, 177 Ill. 2d 462. In *Tooles*, the court held

"[w]hile the written waiver requirement is easy of application and should be complied with by trial courts in every case, *** the failure to do so does not result in reversal so long as the defendant's waiver was made understandingly in accordance with section 103-6 of the Code of Criminal Procedure." *Id.* at 468.

¶ 23　Nothing in this record indicates that the court, the defense counsel, or the prosecution informed Morales of his right to a jury trial. The case was set for a bench trial by agreement at the hearing a month before the trial. On the day of the trial, no discussion about a jury waiver occurred before both sides waived opening statements, and the prosecutor began presenting the State's case. The jury demand sections on the traffic court sheets were left blank. No signed jury trial waiver appears in the common law record.

¶ 24　　　　　　　*Written Jury Waivers and Questioning by the Trial Court*

¶ 25　Although not dispositive, a valid written waiver serves as one means of demonstrating the defendant's intent. See *Buschauer*, 2025 IL App (1st) 232365, ¶ 35 (citing *People v. Gatlin*, 2017 IL App (1st) 143644, ¶ 14 (written jury waiver signed in open court with trial judge addressing defendant directly and effectively waived right to jury trial)). A signed written waiver lessens the likelihood that the waiver was not made knowingly. *People v. Lewis*, 305 Ill. App. 3d 665, 673 (1999); *People v. Dockery*, 296 Ill. App. 3d 271, 276 (1998); see *Gatlin*, 2017 Il App 1st 143644, ¶ 27 ("[w]e cannot assume" defendant still knew he had right to jury trial in second case after waiving right in first case).

¶ 26　Another way to determine intent is when the trial court admonishes the defendant of his or her constitutional right to a jury trial and of the consequences of waiving that right. See, *e.g.*, *Hutt*, 2023 IL 128170, ¶ 6 ("The trial court admonished defendant that he had the absolute right to a jury

trial and asked defendant if he intended to waive his right to a jury trial in both felony cases."); *People v. Scott*, 186 Ill. 2d 283, 285 (1999) ("We have never found a valid jury waiver where the defendant was not present in open court when a jury waiver, written or otherwise, was at least discussed."); *Tooles*, 177 Ill. 2d at 469-73 (in three consolidated appeals, without written jury waivers, each trial court addressed each defendant directly, which factored into analysis); *People v. Petrie*, 2021 IL App (2d) 190213, ¶ 30 ("[T]he record is clear that [defendant] understood her right to a jury trial, having been admonished regarding that right by Judge Stuckert."). This, too, did not happen.

¶ 27    If the State believes that the jury waiver took place on a different occasion than indicated in the record, our supreme court has directed that the State supplement the record with the corresponding report. *Smith*, 106 Ill. 2d at 333-35. Here, the record, though sparse, is complete. Indeed, a footnote in Morales's opening brief confirms its absence: "At the request of a paralegal for the Office of the State Appellate Defender, the court reporter for the trial re-checked her notes but did not find any discussion of a jury waiver."

¶ 28                          *Applicability of* People v. Murrell

¶ 29    After the briefing, we permitted the State to cite a 50-year-old supreme court case, *People v. Murrell*, 60 Ill. 2d 287 (1975), as additional authority. In *Murrell*, the court held, "A defendant who permits his attorney, in his presence and without objection, to waive his right to a jury trial is deemed to have acquiesced in, and is bound by, his attorney's action." *Id.* at 290.

¶ 30    The State belatedly cited *Murrell*, where our supreme court cited with approval the American Bar Association Standards,

"We accept as the preferred procedure the recommendation contained in the American Bar Association Standards relating to the Administration of Criminal Justice. ABA Standards, Trial by Jury, Standard 1.2(b) (1968), provides:

'The court should not accept a waiver unless the defendant, after being advised by the court of his right to trial by jury, personally waives his right to trial by jury, either in writing or in open court for the record.' " *Id.* at 291.

¶ 31 Even under *Murrell*, the facts and circumstances before us fall far short of the required threshold. In *Murrell*, defense counsel stated on the record that their client waived their right to a jury trial. *Id.* at 289-90. In stark contrast, Morales's defense counsel said, "We are *ready to set this matter for bench trial* if the State would like to do that." Not a word about waiver. Not a word about the right to a jury trial.

¶ 32 Despite the Illinois Supreme Court having not expressly overruled *Murrell*, recent appellate decisions reflect an emphasis on ensuring a clear record of understanding and voluntary waiver, particularly in the absence of a written or personal statement by the defendant. Compare, for instance, the multiple facts and circumstances in *People v. Foster*, 2022 IL App (2d) 200098, to those before us. There, the defendant acknowledged that he understood the jury waiver. At the arraignment, the trial court informed the defendant that, if he pleaded not guilty, his trial " 'either could be a bench trial or jury trial.' " *Id.* ¶ 31. Later, at the final pretrial hearing, in defendant's presence, his counsel presented a signed jury waiver form, telling the court that the defendant " 'executed and informed me that he wishes to waive Jury but go Bench.' " *Id.* The defendant did not object or indicate he had a question. *Id.* ¶ 32. The trial court then said, " 'Let's go through the Waiver,' " and asked defendant if he signed the form and told him, " 'if you ask for a trial by the

Bench, most likely myself on Monday, and you waive a Jury trial, you waive it forever.' " *Id.* The defendant answered each question neither seeking clarification nor indicating a lack of understanding. *Id.* ¶¶ 31-32.

¶ 33    The record shows no indication that Morales knowingly and voluntarily waived his right to a jury trial, and his counsel's mention of a "bench trial" a month before the trial refers to a mode of trial instead of any prerequisite for a valid jury waiver We have no discussion regarding the waiver at either the trial setting or the trial, no written jury waiver, and no admonishments given by the judge. Again, the facts and circumstances are not remotely analogous to those in the consolidated cases in *Murrell*. *Supra* ¶¶ 29-31.

¶ 34    Morales was silent in a situation where counsel routinely discourage criminal defendants from voluntarily speaking to the judge. Likewise, trial judges often caution criminal defendants from addressing the court directly to avoid unintentionally waiving rights or undermining a legal defense. No matter the charge, a fundamental right like the right to a jury trial should never be relegated to a minor consideration in criminal proceedings.

¶ 35                                            *Relief*

¶ 36    The double jeopardy clause prevents retrying a defendant after a reviewing court has determined that the evidence introduced at trial was legally insufficient for conviction. But it does not preclude retrial when a "conviction has been set aside because of an error in the proceedings leading to the conviction." *People v. Olivera*, 164 Ill. 2d 382, 393 (1995).

¶ 37    Therefore, we reverse Morales's conviction and remand for a new trial.

*People v. Morales*, 2025 IL App (1st) 231317

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. SE-00858353; the Hon. Elizabeth Ciaccia-Lezza, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Douglas R. Hoff, and Jack Banks Axelrood, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (Enrique Abraham, Brian K. Hodes, and Lee Farbman, Assistant State's Attorneys, of counsel), for the People. |